IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF WEST VIRGINIA, BECKLEY DIVISION

BEFORE THE HONORABLE FRANK W. VOLK, JUDGE

---o0o---

HILMA STOVER, on behalf of herself
and all others similarly situated,

        Plaintiff,

vs.                                            No. 5:21-CV-00191

FLUENT HOME, LLC, and THE BANK
OF MISSOURI d/b/a FORTIVA RETAIL
CREDIT,

        Defendants.

_____/


---o0o---

REPORTER'S TRANSCRIPT OF PROCEEDINGS

PRETRIAL CONFERENCE

THURSDAY, MAY 19, 2022, 11:30 A.M.

---o0o---


For the Plaintiff:        NOLAN CONSUMER LAW
                          Post Office Box 654
                          Athens, West Virginia 24712
                          BY:  JED ROBERT NOLAN

For Defendant             MAC MURRAY & SHUSTER
Fluent Home, LLC:         Suite 210
                          6525 West Campus Oval
                          New Albany, Ohio 43054
                          BY:  HELEN M. MAC MURRAY

          (Appearances continued next page...)


Reported by:   KATHY L. SWINHART, CSR
               Official Court Reporter
               (304) 528-2244


Proceedings reported by mechanical stenography,
transcript produced by computer-aided transcription.

1                          APPEARANCES (Continued)

2        For Defendant The Bank of Missouri:

3                          MC GUIRE WOODS
                           800 East Canal Street
4                          Richmond, Virginia 23219
                           BY:  BRYAN A. FRATKIN
5
                           GOODWIN & GOODWIN
6                          Post Office Box 2107
                           Charleston, West Virginia 25328-2107
7                          BY:  CARRIE GOODWIN FENWICK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

1                    BECKLEY, WEST VIRGINIA

2                 THURSDAY, MAY 19, 2022, 12:31 P.M.

3                            ---o0o---

4          THE COURT:  Good afternoon, counsel.  We're ready to

5    go in the case of Stover versus Fluent Homes and other

6    defendants.  I'll ask counsel to please note their

7    appearances.

8          MR. NOLAN:  Your Honor, Jed Nolan on behalf of

9    plaintiff Stover.

10         MS. MAC MURRAY:  Helen MacMurray on behalf of

11   defendant Fluent Homes.

12         MS. FENWICK:  Carrie Fenwick on behalf of Bank of

13   Missouri, Fortiva Financial and Atlanticus Services.  And with

14   me today is Bryan Fratkin.

15         MR. FRATKIN:  Good afternoon, Your Honor.

16         THE COURT:  Thank you very much.

17         We are convened for a pretrial conference, but we're

18   sort of in an unusual procedural posture because we have

19   matters that have arisen prior -- pardon me -- following the

20   Court's entry of its opinion in the setting of the trial

21   essentially on the matter of whether an arbitration agreement

22   exists.  And so the subsequently filed motions lead the Court

23   to believe that it doesn't make good sense to try one portion

24   of an issue that may come up in other parts of the case

25   respecting other defendants.  It seems like that is

KATHY L. SWINHART, Official Court Reporter (304) 528-2244

2

1    multi-phase proceedings, and especially if we're dealing with

2    multiple jury trials before we ever get to the merits of the

3    case, that just does not tie with the purposes of the Federal

4    Arbitration Act, and per the letter of it as well.

5            But that is the initial view as I come to the case, so

6    I'll hear from counsel for the plaintiff first.

7            MR. NOLAN:  Yes.  Thank you, Your Honor.

8            You're correct that there's been a monkey wrench

9    thrown into the proceedings.  The remaining defendants besides

10   Fluent decided to compel arbitration.  We will certainly defer

11   to the Court and your preferences on this matter.

12           Our position is when they reached out to us about

13   consenting to allowing them to do a summary trial, we did not

14   feel that it was within our authority to consent to that due

15   to the fact that they have to, for one, prove that threshold

16   issue, that an arbitration agreement does in fact exist, and

17   it is enforceable.  So we would defer to the Court to make a

18   ruling on that.

19           If the Court determines to combine these into one

20   trial, we certainly would prepare appropriately.  We would

21   have to submit a revised pretrial memorandum to contemplate

22   the additional discovery that would be necessary with the

23   additional defendants.  We could certainly get that to the

24   Court in short order.

25           But our position is until they meet that threshold

3

1  issue that there is a valid arbitration agreement, which we

2  dispute -- and the briefing on that issue has just wrapped up.

3  Yesterday, I believe, was the reply finally filed on that

4  issue by the remaining defendants besides Fluent.  Our

5  position is that they haven't met that threshold, haven't

6  proven the existence of that arbitration agreement.

7       With all that said, if the Court determines that a

8  single proceeding is in fact the way to go, I think that -- I

9  understand where the Court is coming from, because there was

10 only interaction involving the plaintiff and anyone regarding

11 the Fluent Home security system and the -- or the contract on

12 the Fluent Home security -- the salesman entered Ms. Stover's

13 home and interacted with her on that date.  That's the sole

14 interaction at issue for all the defendants and all the claims

15 regarding arbitration, Your Honor.

16      So in that regard, I do understand the Court's

17 inclination to think it makes sense to have a single trial on

18 that, a single set of facts that are going to be the same on

19 both issues.

20      THE COURT:  Thank you very much.

21      I would say as well, I wouldn't expect to rule on the

22 matter decisively, but the waiver argument -- waiver in the

23 Fourth Circuit, as counsel are obviously aware, is an

24 extremely difficult wicket to make, and that is one thing

25 that, from a preliminary standpoint, I think is going to be

4

1    difficult.  But I appreciate the argument.  I'll hear from

2    counsel for the defendants.

3          MR. FRATKIN:  Thank you, Your Honor.  Again, Bryan

4    Fratkin.  I'm here for the defendants who just filed the

5    motion to compel arbitration, the Bank of Missouri, which was

6    in the case before the amended complaint was filed, and then

7    the two new defendants, Atlanticus Services Corporation and

8    Fortiva Financial.

9          And we essentially agree with Your Honor's views at

10   the start.  What we would ask the Court to do is, now that our

11   motion is fully briefed, is to rule on that motion.  If the

12   Court grants the motion, then we're out of the case.

13   Obviously if the Court denies the motion and thinks that there

14   is a factual dispute as the Court ruled in the -- under the

15   Fluent motion, they then would like to participate in the

16   discovery and in the summary trial.

17         So our view would give the Court the time to rule on

18   the motion that we filed.  Once that ruling is made, if it's a

19   denial on the same grounds that the Court denied Fluent's

20   motion, then we would go forward with the discovery and the

21   summary trial with all the parties involved.

22         THE COURT:  Let me ask you two, just to try to clean

23   up the docket a bit, and I would ask your fellow counsel there

24   as well, which motions are actually in controversy?  There may

25   have been a sequencing issue given the filing of the amended

KATHY L. SWINHART, Official Court Reporter (304) 528-2244

5

1    complaint.  Identify from your perspective, bearing in mind

2    the desire to streamline the process, what document number you

3    deem to be presently pending in substance.  The Court could

4    then deny without prejudice anything earlier that is not an

5    issue.

6          MR. FRATKIN:  Okay.  So the pending motion that was

7    filed by the Bank of Missouri, Atlanticus and Fortiva is

8    motion 43 or docket No. 43, and that's the motion to compel

9    arbitration and dismiss the first amended complaint.

10          THE COURT:  Understood.  Thank you very much.

11          MR. FRATKIN:  And so the previous motion to compel

12    that was filed by only the Bank of Missouri, because it was

13    the only defendant in the case, that is -- let me find that --

14    docket 25, that can be denied as moot.

15          THE COURT:  Thank you very much.

16          MR. FRATKIN:  Then I think Fluent has a motion

17    pending, too.  So I'll let --

18          THE COURT:  Understood.  I'll hear from counsel for

19    Fluent.

20          MS. MAC MURRAY:  Thank you, Your Honor.

21          Thank you also for extending the date for the pretrial

22    due to my situation with COVID.  I really appreciate that.

23    And counsel as well, thank you.

24          THE COURT:  Can I ask you please to adjust that

25    microphone so the Court Reporter can pick you up.

6

1       MS. MAC MURRAY:  Is that better?

2       THE COURT:  Yes.

3       MS. MAC MURRAY:  Great.  Thank you.

4       My client supports a single proceeding with regards to

5   the issue of arbitration, and then we would agree with all the

6   other recommendations by counsel.

7       THE COURT:  Thank you very much.

8       Are there any motions which Fluent has before the

9   Court that --

10      MS. MAC MURRAY:  Yeah.

11      THE COURT:  What are they?  In other words, is there a

12  unitary motion and response to the amended complaint that

13  presents the issues or -- if you could do the same clean-up

14  that your fellow counsel did.

15      MS. MAC MURRAY:  Yes.

16      Fluent, in document No. 45, renewed its motion to

17  compel arbitration and to dismiss the first amended complaint.

18  And that would -- it was just kind of a placeholder motion not

19  knowing what was going to happen.  It relies on the support of

20  the originally filed motion to compel arbitration.  No. 45 is

21  the one that is currently pending.

22      THE COURT:  I suppose that your first motion to compel

23  that actually was the instrument that brought us to this

24  point, the Court may just treat that as administratively

25  terminated and treat your -- and that doesn't prejudice you in

7

1    any way?

2            MS. MAC MURRAY:  No.

3            THE COURT:  We'll just treat your current motion to

4    compel, your renewed one to compel arbitration as the

5    operative motion.

6            MS. MAC MURRAY:  Okay.  Thank you, Your Honor.

7            THE COURT:  Thank you very much.

8            Any reaction, counsel?

9            MR. NOLAN:  No, Your Honor.

10            THE COURT:  Well, what I would say is that it seems

11   well to go ahead and take up the newly appearing parties'

12   motion to compel on an expedited basis and ascertain whether

13   it presents issues that might be tried in a unitary trial

14   along with those matters, ah, that are under consideration

15   with Fluent.

16            I would ask counsel for Fluent as well, does your

17   renewed motion present anything different?  In other words, I

18   understand that you adhere to your position that arbitration

19   is immediately appropriate, but are there new arguments that

20   you raised that need to be taken up in addition to what the

21   Court has already ruled on?

22            MS. MAC MURRAY:  There are none, Your Honor.

23            THE COURT:  Very good.

24            So it appears that the only one in direct controversy

25   that requires this ruling respecting the trial, again the

8

1    preliminary stage that we're in, is what the Court needs to

2    turn to first, and the Court will take that matter under

3    advisement and hopefully issue a prompt determination.

4         And then we will likely have to reconvene possibly to

5    determine trial procedures, so perhaps not in person, we may

6    have you do that in writing, and then we could have a brief

7    teleconference, video teleconference to address the procedures

8    that are suggested without the necessity of counsel appearing

9    in person in order to save costs.

10        So the Court will be ruling on that motion by the new

11   defendants, and we'll be in touch by order respecting what

12   will happen thereafter.

13        Anything further from counsel for the plaintiff?

14        MR. NOLAN:  No, Your Honor.  Just with respect to the

15   pretrial order we've submitted to the Court, is that just --

16   we can disregard that as moot at this point until the Court

17   orders or makes a determination on the remaining defendants'

18   motion to compel.

19        THE COURT:  Certainly.

20        I would say as well that I think it's probably that we

21   could -- is there -- remind me now, it escapes me with

22   everything I've read this morning, what is the current trial

23   date that is set?

24        MR. NOLAN:  We don't have a current trial date.  We

25   requested a date 90 days out from April, sometime this summer.

9

1        THE COURT:  That's what it was.

2        MR. NOLAN:  The additional defendants probably need an

3  additional 30 or 60 days to make sure to get the depositions

4  and discovery done.  In the meantime, we will certainly

5  continue our discovery on those issues with Fluent and attempt

6  to be prompt and diligent so that we're ready to proceed when

7  the Court has made its ruling.

8        THE COURT:  I think that's in everyone's best

9  interest.

10        Anything from counsel for Fluent?

11        MS. MAC MURRAY:  No, Your Honor.

12        THE COURT:  Counsel for the remaining defendants?

13        MR. FRATKIN:  No, Your Honor.  Thank you.

14        THE COURT:  Thank you very much.  We're in recess.

15        THE COURT SECURITY OFFICER:  All rise.  Court is now

16  in recess.

17        (Proceedings were concluded at 12:43 p.m.)

18                    ---o0o---

19

20

21

22

23

24

25

1    CERTIFICATION:

2        I, Kathy L. Swinhart, CSR, certify that the foregoing

3   is a correct transcript from the record of proceedings in the

4   above-entitled matter as reported on May 19, 2022.

5

6

7   August 31, 2022
    DATE

8

9   /s/ Kathy L. Swinhart
    KATHY L. SWINHART, CSR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25