IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**HILMA STOVER,**
*On behalf of herself and a class*
*of similarly situated persons,*
    **Plaintiff,**

v.                                                           Civil Action No. 5:21-cv-00191

**FLUENT HOME, LLC, and**
**THE BANK OF MISSOURI;**
**ATLANTICUS SERVICES, CORP;**
**FORTIVA FINANCIAL, LLC**
    **Defendants.**

## PLAINTIFF'S OPPOSITION TO
## LENDING DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY

The Bank of Missouri filed a Motion to Compel Arbitration on April 22, 2022. (ECF Nos. 25, 26), and it also filed a consolidated Motion to Compel Arbitration with the remaining Lending Defendants (Atlanticus, Fortiva) on May 6, 2022. (ECF Nos. 43, 44). Plaintiff responded to those Motions on April 29, 2022, (ECF No. 35) and May 12, 2022 (ECF No. 53). Plaintiff incorporates the facts and arguments set forth in those oppositions to this Opposition to Lending Defendants' Renewed Motion to Stay.

Based on the sequence of events occurring in this case described below, Plaintiff believes that Lending Defendants' request to stay, and Defendant Fluent's support of same, is less based on concerns over efficiency and is instead indicative of a coordinated effort to avoid a deposition damaging to Defendants' defenses. Plaintiff again asks that the Court deny Defendants' motions and permit the parties to proceed with discovery as previously instructed by the Court at the May 19, 2022, Pre-Trial Hearing.

**On April 22, 2022,** The Bank of Missouri moved to compel arbitration of Plaintiff's claims. The Bank made no request to stay discovery therein. (ECF Nos. 25, 26).

**On April 22, 2022,** Plaintiff and Defendant Fluent filed proposed Integrated Summary Trial Procedures per this court's instruction. (ECF No. 27). Therein, Plaintiff made clear her intent to depose Fluent's salesperson, Larry Araiza, one of only three people who have knowledge of the October 12, 2020, events that led to Plaintiff's claims.

**On May 6, 2022,** Defendants Atlanticus and Fortiva filed a joint motion to compel arbitration with Defendant Bank of Missouri. (ECF Nos. 43, 44). Defendants made no request to stay discovery therein.

**On May 19, 2022,** a pre-trial conference took place in this matter at which the Court stated that it was "in everyone's best interest" for Plaintiff to continue discovery on the arbitration issues with Defendant Fluent. None of Defendants' counsel objected to this plan of action.

**On June 24, 2022,** without making any comment as to efficiency, burden, or expense, two attorneys for Lending Defendants participated in the deposition of Alan Pullin, the owner of the arbitration forum listed in Fluent's consumer agreements. The attorneys participated despite their explicit acknowledgement that "his deposition did not pertain to Defendants." (Lending Defendants' Reply in Supp. of Mot. to Stay, ECF No. 77 at 4, Sept. 26, 2022).

Months passed with Plaintiff and Fluent moving forward with discovery as instructed by the Court. During this time, Lending Defendants expressed no concerns with discovery proceeding.

**On August 15, 2022,** Plaintiff's counsel asked Defendant Fluent's counsel for available deposition dates for Fluent's salesperson Larry Araiza. *See* Emails between counsel attached hereto as **Exhibit A**.

**On August 19, 2022**, after several emails between counsel, Fluent's counsel advised Plaintiff's counsel that, "**Mr. Araiza is available the week of Sept. 26th.**" *Id*. Fluent's counsel and Plaintiff's counsel agreed on a September 29, 2022, deposition date and Plaintiff's counsel proceeded to prepare for the deposition and scheduled a court reporter for that date. *Id.*

**On August 31, 2022,** Plaintiff filed a notice of deposition for Fluent's salesperson Larry Araiza to take place on September 29, 2022. (ECF No. 70).

**On September 19, 2022,** four months after moving to compel arbitration, and ten days before the deposition of Mr. Araiza was scheduled to occur, Lending Defendants filed a motion requesting to stay discovery pending resolution of their Motion to Compel Arbitration. (ECF Nos. 73, 74).

**On September 20, 2022,** despite having already responded to Plaintiff's written discovery, participated in a deposition, and engaged in discussions about upcoming depositions, Defendant Fluent moved to join Lending Defendants' request to stay. (ECF No. 74).

That same day, Plaintiff's counsel reached out to Fluent's counsel via email asking if Fluent's filing was indication that Fluent was refusing to make Mr. Araiza available for deposition on September 29, 2022, as previously agreed. *See* Emails between counsel canceling deposition, attached hereto as **Exhibit B.**

**On September 21, 2022,** Fluent's counsel responded that Mr. Araiza's deposition would occur "unless the Court stays the case or rules that we should not proceed." *Id.*

3

**On September 22, 2022,** just <u>one</u> day later, Fluent's counsel sent Plaintiff's counsel a contradictory email stating that "[a]fter reviewing this situation and with Fluent Home joining the request to stay, we're thinking it makes sense to postpone Larry Araiza's deposition for several weeks to allow the court time to rule on the motion to stay? Does that work for you?" *Id.* Plaintiff's counsel responded that he did "not agree that it makes sense to slow down on discovery as that was not the Court's order at the last hearing" and that he intended to take the deposition as noticed. *Id.*

**On September 26, 2022,** Fluent's counsel emailed Plaintiff's counsel stating that she "just learned that Larry Araiza no longer works for Fluent Home. I'm working to confirm his appearance on Thursday now but wanted to give you a heads up." *Id.*

**On September 27, 2022,** Fluent's counsel emailed Plaintiff's counsel stating that Fluent was no longer sure it could get Mr. Araiza to appear at his deposition. *Id.*

**On September 28, 2022,** at 2:00 p.m., less than 24 hours before the deposition was scheduled to take place, Fluent's counsel notified Plaintiff's counsel via email that "Mr. Araiza has informed my client that he will not appear for tomorrow's deposition while he evaluates his need for personal representation now ." *Id.*

<u>Staying Discovery Would Be Inefficient</u>

Defendants' requests to stay cite the goal of efficiency yet the sequence of events above have been the opposite of efficient. Lending Defendants claim they will incur undue burden and expense if they choose to attend the depositions of Mr. Araiza and Plaintiff, yet they had no concern about attending Plaintiff's deposition of Allen Pullin on June 24, 2022, even though

4

Lending Defendants explicitly admit that "his deposition did not pertain to Defendants." (Def. Reply in Supp. Of Mot. to Stay, ECF No. 77 at 4).

As Lending Defendants acknowledge, they have options. They can participate in discovery (which they have already done without complaint), incurring expenses they may be able to avoid if their motions to compel arbitration are granted; or, they can allow discovery to proceed. (Def. Mot. at 7). Lending Defendants fail to explain why they believe the latter will result in their missing "critical discovery opportunities." They cite a hypothetical motion to quash and complain they will "lose the chance to question those witnesses at the same time as the rest of their testimony," yet do not explain why questioning a witness "at the same time as the rest of their testimony" would have any impact on the substance of the testimony *Id.*

Discovery Should Proceed to Preserve Key Evidence

Aside from calling Defendants' "inefficiency" arguments into question, the fact that Mr. Araiza no longer works for Defendant Fluent weighs heavily in favor of not postponing his deposition. Defendant Fluent has not indicated how long it has been since Mr. Araiza worked for Fluent; however, as time goes on it is likely that Mr. Araiza's memories of the practices and procedures of his former employer, Fluent Home, will fade. It is critical that Mr. Araiza's testimony, including his first-hand knowledge of the practice and procedures of his former employer, be preserved as soon as possible.

For the reasons herein, and set forth in Plaintiff's Oppositions to Defendants' prior motions to stay discovery, Plaintiff asks that the Court deny Defendants' requests to stay discovery.

Dated: November 21, 2022

        Respectfully Submitted,

        */s/ Patricia M. Kipnis*
        Patricia M. Kipnis (WVSB #12896)
        Bailey & Glasser LLP
        923 Haddonfield Road, Suite 300
        Cherry Hill, NJ 08002
        (856) 324-8219

        Jonathan R. Marshall (WVSB #10580)
        Bailey & Glasser LLP
        209 Capitol Street
        Charleston, WV 25301
        (304) 345-6555

        Nicole C. Mayer, *admitted pro hac vice*
        Bailey & Glasser LLP
        360 Central Avenue
        Suite 1450
        St. Petersburg, FL 33701
        (727) 894-6745

        Benjamin Sheridan (WV Bar No. 11296)
        Jed Nolan (WV Bar No. 10833)
        Klein & Sheridan, PC
        3566 Teays Valley Rd.
        Hurricane, WV 25526
        T: (304) 562-7111
        F: (304) 562-7115

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

HILMA STOVER,
*On behalf of herself and a class*
*of similarly situated persons,*
      Plaintiff,

v.

                                                            Civil Action No. 5:21-cv-00191

FLUENT HOME, LLC, and
THE BANK OF MISSOURI;
ATLANTICUS SERVICES, CORP;
FORTIVA FINANCIAL, LLC
      Defendants.

## CERTIFICATE OF SERVICE

I, Patricia M. Kipnis, hereby certify that, on this 21st day of November 2022, I filed the foregoing document titled *PLAINTIFF'S OPPOSITION TO LENDING DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY* with the Clerk of the Clerk of this Court using the CM/ECF system which will send notification to counsel of record.


                                                */s/ Patricia M. Kipnis*
                                                Patricia M. Kipnis (WVSB #12896)