# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

| | |
|---|---|
| HILMA STOVER,<br>*On behalf of herself and a class*<br>*of similarly situated persons,*<br><br>        Plaintiff,<br><br>    v.<br><br>FLUENT HOME, LLC;<br>THE BANK OF MISSOURI;<br>ATLANTICUS SERVICES CORP.;<br>FORTIVA FINANCIAL, LLC,<br><br>        Defendants. | CIVIL ACTION NO. 5:21-cv-00191 |

### MEMORANDUM IN SUPPORT OF THE BANK OF MISSOURI, ATLANTICUS SERVICES CORPORATION, AND FORTIVA FINANCIAL'S MOTION TO STAY

The Bank of Missouri ("TBOM"), Atlanticus Services Corporation ("Atlanticus"), and Fortiva Financial, LLC ("Fortiva") (collectively, "Lending Defendants"), move this Court for an Order staying this action pending resolution of their appeal to the United States Court of Appeals for the Fourth Circuit. In particular, the Lending Defendants have filed a Notice of Appeal to the Fourth Circuit pursuant to 9 U.S.C. § 16 from this Court's Memorandum Opinion and Order (ECF 81) denying the Lending Defendants' Motion to Compel Arbitration and Dismiss First Amended Class Action Complaint. ECF 86. Defendant Fluent Home, LLC, has also filed an appeal. *See* ECF 85.

    **I.**    **An appeal pursuant to 9 U.S.C. § 16(a) automatically divests the district court of jurisdiction over the underlying claims.**

Section 16(a)(1)(A) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)(A), provides that parties may immediately appeal from a district court's denial of a motion to compel

arbitration under § 206 of the FAA. The Fourth Circuit has held that such an appeal automatically divests the district court of jurisdiction over the case, to track the policy goals of the FAA:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially . . . Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.

*Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263–64 (4th Cir. 2011) (*quoting Bradford–Scott Data Corp. v. Physician Comput. Network*, 128 F.3d 504, 506 (7th Cir.1997)). This stay relates to all proceedings before the district court including pretrial filings and discovery. *See id.* at 264 ("[B]ecause the district court lacks jurisdiction over 'those aspects of the case involved in the appeal,' it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue." (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).)

This district has affirmed application of the automatic stay in procedurally similar situations, *see In re Butler*, No. ADV 2:12-2026, 2013 WL 2102969, at *5 (S.D.W. Va. May 14, 2013), and has even expanded the rule to incorporate arbitration appeals taken from Bankruptcy Courts. *Vanderbilt Mortg. & Fin., Inc. v. Lucas*, No. 2:14-MC-00136, 2014 WL 4202647, at *7 (S.D.W. Va. Aug. 22, 2014). Accordingly, an automatic stay should go into effect.

**II.     If the Court finds that pending deadlines still apply, the Lending Defendants request an extension of those deadlines.**

As explained above, an automatic stay should be effected upon the Lending Defendants' filing of their notice of appeal pursuant to 9 U.S.C. § 16(a). In an abundance of caution, however, the Lending Defendants request an extension of any pending deadlines, including any deadline to

answer the First Amended Complaint and respond to discovery, until the issue of arbitration as to the Lending Defendants has been resolved.

Dated:  March 29, 2023              Respectfully submitted,

*/s/ Carrie Goodwin Fenwick*

Carrie Goodwin Fenwick
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
304-346-7000
cgf@goodwingoodwin.com

Bryan A. Fratkin (*admitted pro hac vice*)
McGuireWoods LLP
800 E. Canal Street
Richmond, VA  23219-3916
804-775-4352
bfratkin@mcguirewoods.com

Katherine E. Lehnen (*admitted pro hac vice*)
McGuireWoods LLP
800 E. Canal Street
Richmond, VA  23219-3916
807-775-7887
klehnen@mcguirewoods.com

Susan E. Groh (*admitted pro hac vice*)
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL  60601-1818
312-849-8184
sgroh@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2023, I caused to be filed a copy of the foregoing with the Clerk of the Court using the Electronic Case Filing (ECF) system, which will send a notice to all attorneys who have entered an appearance in this matter.

*/s/ Carrie Goodwin Fenwick*
Carrie Goodwin Fenwick