IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**HILMA STOVER,**
*On behalf of herself and a class of similarly situated persons,*
    **Plaintiff,**

v.

                                                                                                                         Civil Action No. 5:21-cv-00191

**FLUENT HOME, LLC, and**
**THE BANK OF MISSOURI;**
**ATLANTICUS SERVICES, CORP;**
**FORTIVA FINANCIAL, LLC**
    **Defendants.**

**PLAINTIFF'S OPPOSITION TO LENDING DEFENDANTS'**
**MOTION TO STAY**

The Court denied the Motion to Compel Arbitration of the Bank of Missouri; Atlanticus Services, Corp.; and Fortiva Financial, LLC, (the "Lending Defendants") (ECF No. 43), finding "that a genuine dispute of material fact exists regarding whether a binding arbitration agreement was formed between the Lending Defendants and Ms. Stover." (ECF No. 81 at 6). The Lending Defendants noticed their appeals of that decision. (ECF Nos. 85, 86). After years of delays, the Lending Defendants now argue that pursuant to sections 16 and 206 of the Federal Arbitration Act (FAA), an automatic stay should stall these proceedings pending resolution of their appeal. (ECF Nos. 87, 88, 91, 92).[1]

The Court should deny the Lending Defendants' Motions to Stay because (1) section 206 of the FAA does not apply to this case; (2) the Lending Defendants cite no relevant cases in support

---

[1] Because the Lending Defendants submitted substantially identical motions and memoranda in support of the motions to stay, for clarity, Ms. Stover cites the Memorandum in Support of the Bank of Missouri, Atlanticus Services Corporation, and Fortiva Financial's Motion to Stay, at docket entry 88.

of an "automatic" stay; and (3) staying the case would only delay resolution of whether litigation should continue in this forum.

First, Defendants contend that they "may immediately appeal from a district court's denial of a motion to compel arbitration under § 206 of the FAA." (ECF No. 88 at 1–2). Section 206 of the FAA, regarding foreign arbitral awards, does not apply to alleged agreements between parties who are United States citizens. It is inapplicable here and does not support Lending Defendants' argument that an "automatic" stay should be in effect.

Second, similarly inapplicable are the cases on which the Lending Defendants rely for their position that an automatic stay should be in effect because those cases do not involve the issue here—whether the parties formed an arbitration agreement. *Levin v. Alms & Associates, Inc.*, concerned a stay of the underlying action pending an appeal of the issue of *arbitrability*—whether a claim is subject to an agreed-to contractual arbitration clause—not the issue of *formation* of an arbitration agreement, as is the case here. 634 F.3d 260, 266 (4th Cir. 2011) ("We therefore hold that an appeal on the issue of *arbitrability* automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action. . . ."). *See also Vanderbilt Mortg. & Fin., Inc. v. Lucas*, No. 2:14-MC-00136, 2014 WL 4202647, at *1 (S.D. W. Va. Aug. 22, 2014) (argument that arbitration agreement is unconscionable, not that no arbitration agreement was formed); *In re Butler*, No. ADV 2:12-2026, 2013 WL 2102969, at *2 (S.D. W. Va. May 14, 2013) (same). Because this Court found that there is a genuine issue of fact as to whether the parties agreed to arbitrate in the first place, it should not stay these proceedings pending the Lending Defendants' appeal of its order denying their motions to compel arbitration.

Third, staying this action would only further delay resolution of the issue of whether Ms. Stover's claims are subject to arbitration and impede the FAA's mechanism for reaching that

resolution. The FAA states, "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. This Court found "that a genuine dispute of material fact exists regarding whether a binding arbitration agreement was formed between the Lending Defendants and Ms. Stover." (ECF No. 81 at 6). Accordingly, the Court correctly "conclude[d] that the contract formation issues involving Ms. Stover and all Defendants must be resolved by a summary trial. . . ." *Id.* Appealing on this posture does nothing to resolve the underlying factual questions surrounding formation of an agreement to arbitrate. Indeed, a possible outcome of the summary trial is this Court compelling Ms. Stover's claims to arbitration—the exact relief the Lending Defendants seek. Defendants' appeal only delays the FAA-required next step. *See* 9 U.S.C. § 4; *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 228 n.1, 236 n.11 (4th Cir. 2019) (remanding for trial on the issue of formation of an agreement to arbitrate pursuant to 9 U.S.C. § 4); *Meyer v. Uber Tech., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (explaining that appellate court is obliged to remand for trial when "factual issue exists regarding the formation of the arbitration agreement"); *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 713 (4th Cir. 2015) (emphasizing that district court must conduct trial on motion to compel arbitration where material factual dispute exists).

      Finally, the Lending Defendants ask in the alternative that the Court extend the existing deadlines until the issue of arbitration is resolved. (ECF No. 88 at 2–3). As this case has pended since 2021, due in large part to the Lending Defendants' piecemeal and unsuccessful motions to compel arbitration, this Court should proceed to trial and not extend its deadlines on these bases. *Berkeley Cnty. Sch. Dist.*, 944 F.3d at 242 (recognizing 9 U.S.C § 4's "objective of encouraging the district courts to decide an arbitration dispute quickly so the parties can get on with the merits of their dispute in the right forum").

For these reasons, the Court should deny the Lending Defendants' Motions to Stay (ECF Nos. 87, 91) and leave undisturbed the pending deadlines.

Dated: April 7, 2023

        Respectfully Submitted,

        */s/ Patricia M. Kipnis*
        Patricia M. Kipnis (WVSB #12896)
        Bailey & Glasser LLP
        923 Haddonfield Road, Suite 300
        Cherry Hill, NJ 08002
        (856) 324-8219

        Jonathan R. Marshall (WVSB #10580)
        Bailey & Glasser LLP
        209 Capitol Street
        Charleston, WV 25301
        (304) 345-6555

        Nicole C. Mayer, *admitted pro hac vice*
        Bailey & Glasser LLP
        360 Central Avenue
        Suite 1450
        St. Petersburg, FL 33701
        (727) 894-6745

        Benjamin Sheridan (WV Bar No. 11296)
        Jed Nolan (WV Bar No. 10833)
        Klein & Sheridan, PC
        3566 Teays Valley Rd.
        Hurricane, WV 25526
        T: (304) 562-7111
        F: (304) 562-7115

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**HILMA STOVER,**
*On behalf of herself and a class*
*of similarly situated persons,*
    **Plaintiff,**

v.
                                                Civil Action No. 5:21-cv-00191

**FLUENT HOME, LLC, and**
**THE BANK OF MISSOURI;**
**ATLANTICUS SERVICES, CORP;**
**FORTIVA FINANCIAL, LLC**
    **Defendants.**

## CERTIFICATE OF SERVICE

    I, Patricia M. Kipnis, hereby certify that, on this 7th day of April 2023, I filed the foregoing document titled *PLAINTIFF'S OPPOSITION TO LENDING DEFENDANTS' MOTION TO STAY* with the Clerk of the Clerk of this Court using the CM/ECF system which will send notification to counsel of record.

                                                  */s/ Patricia M. Kipnis*
                                                  Patricia M. Kipnis (WVSB #12896)