UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

HILMA STOVER,
*on behalf of herself and a class
of similarly situated persons*,

        Plaintiff,

v.                                      CIVIL ACTION NO. 5:21-cv-00191

FLUENT HOME, LLC,
THE BANK OF MISSOURI
*doing business as* FORTIVA RETAIL CREDIT,
ATLANTICUS SERVICES CORPORATION, *and*
FORTIVA FINANCIAL, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Defendants The Bank of Missouri, Atlanticus Services Corporation, and Fortiva Financial LLC's (collectively, the "Lending Defendants") motion to stay this action, filed March 29, 2023 [Doc. 87], and Defendant Fluent Home, LLC's ("Fluent") motion to stay this action, also filed March 29, 2023 [Doc. 91]. The matters are ready for adjudication.

I.

On March 15, 2023, the Court denied without prejudice Defendants' motions to compel arbitration and scheduled this case for a summary trial pursuant to 9 U.S.C. § 4. [Doc. 81]. The Lending Defendants and Fluent each subsequently filed a notice of appeal on March 29, 2023. [Docs. 85, 86, 93]. That same day, the Lending Defendants and Fluent also each moved to stay these proceedings pending resolution of their appeals. [Docs. 87, 91].

In support of their motions to stay, the Lending Defendants and Fluent assert that an appeal pursuant to § 16(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a), divests this Court of jurisdiction and thus requires a stay of all proceedings. [Docs. 88 at 1-2, 92 at 1-2]. Such a result, the Defendants emphasize, aligns with the policy goals of the FAA, 9 U.S.C. § 1 et seq., which seeks to avoid proceedings in both judicial and arbitral forums. [Docs. 88 at 1-2, 92 at 1-2]. Ms. Stover responds that the authority cited by the Defendants is inapposite as it concerns whether a claim is subject to arbitration and not whether an arbitration agreement was formed. [Doc. 98 at 2]. She moreover asserts that Defendants' appeals will only further delay determination of whether an arbitration agreement was formed in this case. *Id.* at 2-3. In reply, the Defendants contend that Ms. Stover's distinction between arbitrability cases and formation cases is immaterial. [Docs. 100 at 2, 101 at 2].

## II.

"Section 16 [of the FAA] authorizes immediate appeal from an order . . . 'denying a petition under section 4 . . . to order arbitration to proceed.'" *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 713 (4th Cir. 2015) (quoting 9 U.S.C. § 16(a)(1)(B)). "Congress's purpose in creating appellate jurisdiction . . . was to effectuate a 'strong policy favoring arbitration' through appeal rules, whereby 'an order that favors litigation over arbitration . . . is immediately appealable, even if interlocutory in nature." *Id.* (quoting *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 (4th Cir. 2012)).

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Fed. Trade Comm'n v. Lin*, No. 22-

2

1738, 2023 WL 2977746, at *2 (4th Cir. Apr. 18, 2023) (alteration in original) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also United States v. Jenkins*, 22 F.4th 162, 172 n.5 (4th Cir. 2021) (citing *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011); *Griggs*, 459 U.S. at 58). In the arbitration context, our Court of Appeals has adhered to the general rule and adopted the position that "[a]n appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." *Levin*, 634 F.3d at 266.

### III.

The Defendants are entitled to a stay of this action as a result of their appeals. In denying the motions to compel arbitration, the Court determined that "a genuine dispute of material fact exist[ed] regarding whether a binding arbitration agreement was formed." [Doc. 81 at 6]. Consequently, pursuant to 9 U.S.C. § 4, because "the making of an arbitration agreement . . . [was] in issue," the Court "proceed[ed] summarily to the trial thereof." Stated differently, the Court issued "an order denying a petition under section 4 . . . to order arbitration to proceed," thus permitting the Defendants to appeal. 9 U.S.C. § 16(a)(1)(B).

Defendants' subsequent appeals "confer[ed] jurisdiction on [our] court of appeals and divest[ed] [this] district court of its control over those aspects of the case involved in the appeal." *Lin*, 2023 WL 2977746, at *2 (quoting *Griggs*, 459 U.S. at 58). This is so because "[a]n appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims" and moreover "requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." *Levin*, 634 F.3d at 266. Accordingly, inasmuch as no

allegations have been made that Defendants' appeals are frivolous or have been forfeited, the Defendants are entitled to a stay of this action until the conclusion of their appeals.

Ms. Stover attempts to avoid this conclusion by noting that *Levin* concerned the issue of arbitrability as opposed to formation. But *Levin* itself makes no such distinction. Indeed, *Levin*'s underlying rationale of preserving the benefits of arbitration applies equally to both types of cases. *See Levin* at 263-64 ("[C]ombining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." (quoting *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997))). Accordingly, Ms. Stover's argument on this point is without merit.

### IV.

For the foregoing reasons, the Court **GRANTS** Defendants' motions and **STAYS** this action pending the conclusion of Defendants' appeals.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: April 25, 2023

Frank W. Volk
United States District Judge

4